UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FLORENCE MANN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:14cv265RLM |
| | ) | |
| CAROLYN COLVIN, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND O R D E R

Plaintiff Florence Mann seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income and Disability Insurance Benefits. Ms. Mann asks the court to set aside the February 12, 2013 decision by an Administrative Law Judge ("ALJ") finding that while Ms. Mann suffered from severe impairments, she retained the capacity to perform sedentary work. The court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the court reverses and remands this case to the Social Security Administration for further proceedings consistent with this opinion.

Ms. Mann's applications for disability benefits alleged that she became disabled on April 30, 2006 due to depression, complications from bone cancer, arthritis, bulging discs in her back, nerve damage to her right leg and hip, breathing problems, shoulder injuries, carpal tunnel syndrome, and ingrown calluses and toenails (AR 235). Her applications were denied initially on August

3, 2011 (AR 82-83) and on reconsideration on November 22, 2011 (AR 84-85). Ms. Mann then requested an administrative hearing before the ALJ, and appeared at a hearing in which both she and a vocational expert testified.

The ALJ issued a written decision in which he followed the standard five-step sequential evaluation used in disability benefit matters. *See* 20 C.F.R. § 404.1520(a). After deciding that Ms. Mann met the insured status requirements under the Social Security Act and hadn't engaged in substantial work since April 30, 2006, the ALJ found that most of Ms. Mann's ailments qualified as "non-severe." (AR 15-19). He then found that while Ms. Mann's leg and hip injuries and spinal degeneration constituted severe impairments, they did not alone or in combination meet or equal any of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that despite the severity of Ms. Mann's impairments, they did not prevent her from performing her past relevant work as a data entry clerk, so she wasn't disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920(f) (2013).

The Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final determination of the Commissioner. 20 C.F.R. § 416.1481 (2013). Ms. Mann filed this case challenging the ALJ's decision on July 28, 2014.

The court must affirm the Commissioner's determination if it is free of legal errors and supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); Scott v. Astrue, 647 F.3d 734, 739 (7th

Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Micus v. Bowen, 979 F.2d 602, 604 (7th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). In deciding whether substantial evidence supported the ALJ's decision, the court "reviews the entire record but does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." Estok v. Apfel, 152 F.3d 636, 638 (7th Cir. 1998). In reviewing the ALJ's conclusions, "[t]he court will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005).

The ALJ isn't required "to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). The court can't uphold an ALJ's decision when this bridge is undermined by "contradictions or missing premises." Parker v. Astrue, 597 F.3d 920, 921 (7th Cir. 2010).

This appeal concerns three specific issues Ms. Mann raises with the ALJ's decision: (1) whether there was substantial evidence to support the ALJ's finding that Ms. Mann's impairments do not meet or equal a Listing such that she would

automatically qualify as disabled; (2) whether the ALJ correctly followed Social Security regulations in evaluating opinion evidence; and (3) whether the ALJ included all of Ms. Mann's impairments in determining her residual functional capacity. Because the first of these issues requires remand, the court doesn't reach Ms. Mann's final two arguments.

Ms. Mann argues that the ALJ's finding that her impairments didn't meet or equal Listings 1.02 or 1.04 was not supported by substantial evidence. Under the Social Security regulations, a claimant is automatically considered disabled if his or her impairment meets or equals one of the specific listed impairments in the appendix to the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). To meet the requirements of a Listing, the applicant must satisfy all of the criteria in that Listing. Pope v. Shalala, 998 F.2d 473, 480 (7th Cir. 1993) (citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990)).

Listing 1.04 is the listing that concerns disorders of the spine. A claimant meets this listing if he or she has a spinal disorder with:

> A: Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by

chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.04.

The ALJ acknowledged that Ms. Mann's medical records showed that she has a spinal disorder, but concluded that this disorder didn't satisfy the criteria for Listing 1.04 because:

> the record is devoid of evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation as defined within Listing 1.00B(2)(b).

(AR 19). Ms. Mann disagrees, arguing that her medical records showed both nerve root compression and spinal stenosis with ineffective ambulation. With regard to nerve root compression, she points to a 2006 MRI scan of her back, which showed a bulging disc impinging on the L5 nerve root. Ms. Mann insists that it was error for the ALJ to state that there was no evidence of nerve root compression in light of this piece of medical evidence.

The court agrees. Ms. Mann's 2006 MRI report unambiguously found nerve root compression, relating that the scan showed a "broad-based disk bulge" that is "impinging on the exiting L5 nerve root." (AR 529). An ALJ needn't set forth a written evaluation of every piece of evidence, but he must "articulate at some minimal level his analysis of the evidence" and base his decision "upon consideration of all the relevant evidence." Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ didn't do so here. His terse conclusion that "the record is devoid of evidence of nerve root compression" is in direct conflict with Ms.

Mann's MRI report, and he didn't address that report or explain why he was rejecting it.

The Commissioner defends the ALJ's conclusion on the basis that "to meet the requirements of either of the listings discussed by the ALJ, [Ms. Mann] must demonstrate that she was unable to 'ambulate effectively'" – a showing that the Commissioner believes Ms. Mann has not made. (Resp. Brief at 5). The parties devote most of their energy to disputing whether the record shows evidence of ineffective ambulation, yet while Listing 1.04(C) requires such evidence 1.04(A) does not. Under 1.04(A), a claimant need only show evidence of nerve root compression along with limitations on the claimant's range of motion and motor abilities, plus positive straight-leg raising test results if – as in Ms. Mann's case – the lower back is involved. Nothing in Listing 1.04(A) relates to ineffective ambulation, and the use of the word "or" between the three subsections of Listing 1.04 makes clear that a claimant need only satisfy one of the three to qualify as disabled. The Commissioner recognizes in a footnote that a claimant needn't show ineffective ambulation under Listing 1.04(A), but insists that the record doesn't contain evidence with which Ms. Mann could satisfy all of 1.04(A)'s requirements other than root compression. (Resp. Brief, at 5 n. 3).

Whether Ms. Mann can show motor loss, reduced range or motion, or any of the other requirements under the Listing isn't a proper question for the court to resolve at this point; a reviewing court can't affirm an administrative agency's decision "on grounds other than those stated by the agency." Mem'l Hosp. of

Carbondale v. Heckler, 760 F.2d 771, 778 (7th Cir. 1985) (citing SEC v. Chenery Corp., 318 U.S. 80 (1943)). The court can assess only the ALJ's stated reason for reaching his conclusions, and can't uphold his decision based on other evidence in the record that the ALJ might have – but did not – discuss. *See* Hughes v. Astrue, 705 F.3d 276, 279 (7th Cir. 2013). The ALJ never discussed whether all the requirements of Listing 1.04(A) were met, because he mistakenly believed that there was no evidence of nerve root compression at all. While the ALJ might well have concluded that Ms. Mann didn't meet Listing 1.04(A) even after recognizing that she showed evidence of nerve root compression, the fact that he might have reached the same result after considering all the evidence doesn't mean that his failure to do so was harmless. *See* Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010).

The case must be remanded in light of the ALJ's erroneous finding that Ms. Mann showed no evidence of nerve root compression, because this finding prevented the ALJ from fully evaluating whether Ms. Mann meets the other requirement for disability under Listing 1.04(A). Had the ALJ made a finding (supported by appropriate reasons) that Ms. Mann did not to meet the remaining criteria for Listing 1.04(A), his overlooking of the evidence of nerve root compression might be harmless error. Instead, the ALJ offered only a summary statement that there was no nerve root compression without addressing

7

contradictory evidence and without analyzing the remaining criteria, and this constituted reversible error.[1]

ENTERED:   September 1, 2015

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Judge
United States District Court

---

[1] The court does not reach the question of whether the ALJ also erred in finding that Ms. Mann does not meet Listing 1.02, nor does the court take any position on any of the other issues Ms. Mann raises in her brief.