UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FLORENCE MANN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CAUSE NO.: 2:14-CV-265-RLM-PRC |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| DEFENDANT. ) | |

OPINION and ORDER

Plaintiff Florence Mann filed a motion for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after the court reversed and remanded the Commissioner's decision denying disability benefits. (Doc. No. 39). Ms. Mann's attorney, David A. Brooks, seeks a total of $17,197.00, for 83.3 hours of attorney work performed by himself and his co-counsel Mary Welker and 27.7 hours of work by non-attorney Nancy Jachim.

The court may award reasonable fees and expenses under the EAJA if: (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award unjust; and (4) the fee application is timely filed and supported by an itemized statement. *See* Conrad v. Barnhart, 434 F.3d 987, 989 (7th Cir. 2006); Golembiewski v. Barnhart, 382 F.3d 721, 723-724 (7th Cir. 2004); 28 U.S.C. 2412(d)(1)(A),(B). There is no question that Ms. Mann is a prevailing party and the motion for fees is timely. As the government has not responded

to the motion, the court presumes that the government's position was not substantially justified.

The amount of the award is left to the court's discretion, *see* <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983), and that discretion is guided by 28 U.S.C. § 2412(d)(2)(A):

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that...attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." <u>McNabola v. Chicago Transit Auth</u>., 10 F.3d 501, 519 (7th Cir. 1993). A prevailing party's attorney must exercise "billing judgment" when moving for compensation, and must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." <u>Hensley</u>, 461 U.S. at 434.

Ms. Mann requests compensation for 73.5 hours of Mr. Brooks' work, at a rate of $187.50 per hour for work performed in 2014 and $190.00 per hour for work performed in 2015. She arrives at these rates by multiplying the maximum EAJA rate of $125.00 per hour with a cost of living adjustment based on changes to the Consumer Price Index between now and the time the EAJA rate was set in 1996. The only evidence in support of the elevated rates is

a table showing the Consumer Price Index every year for urban wage earners and clerical workers.

This evidence isn't sufficient to show Ms. Mann's entitlement to the elevated rates she requests. "While the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living 'justifies' the rate requested." Sprinkle v. Colvin, 777 F.3d 421, 428 (7th Cir. 2015). Claimants can't get "an automatic entitlement to fee enhancements" simply by pointing to the CPI, and must instead "produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." Id.

Ms. Mann hasn't done that. She simply asserts that Mr. Brooks expended 83.3 hours representing her before this court, multiplies that amount by the CPI-adjusted rates she requests to arrive at a total compensation value, and states that the total value is reasonable. Such conclusory, unverified assertions don't satisfy the claimant's burden of establishing the market value of the services rendered, or justify an upward adjustment to the $125.00 per hour rate provided for in 28 U.S.C. § 2412(d)(2)(A). Nonetheless, "[c]ourts should generally award the inflation-adjusted rate according to the CPI" if a claimant can meet his or her burden of showing that the adjusted rates are justified. Sprinkle v. Colvin, 777 F.3d 421, 428 (7th Cir. 2015). The court therefore affords Ms. Mann 21 days from the

date of this order to file a renewed motion for attorney's fees, which adequately justifies the adjusted rate requested by (1) identifying the hourly rates Mr. Brooks typically charged paying clients at the time the work was performed, and (2) presents evidence of the prevailing rates in the community for similar work by lawyers of comparable skill and experience.

Ms. Mann also seeks compensation for 9.8 hours of work by Mr. Brooks' co-counsel Mary Welker. The procedural history in this case was typical of a Social Security appeal, and the issues presented were neither complex nor difficult. The decision to employ two attorneys was a matter of discretion, not necessity, and it appears that Ms. Welker's role in the litigation was minimal and entirely duplicative of Mr. Brooks' efforts. In the time log Mr. Brooks submitted, all but two of the entries bearing Ms. Welker's name are based on communications with Mr. Brooks, such as "phone conference with co-counsel David Brooks and fax to David." The only two entries not based on communications with Mr. Brooks simply state that Ms. Welker "reviewed" briefs. The time logs don't reflect that Ms. Welker did any actual drafting; her role appears to have been limited to reading documents other individuals had drafted and discussing them at length with Mr. Brooks. While these discussions may have been helpful to Mr. Brooks, they are not a necessary expense. Accordingly, the 9.8 hours of work performed by Ms. Welker are not included in a reasonable fee under the EAJA.

Finally, Ms. Mann seeks compensation for 27.7 hours of work performed by non-attorney Nancy Jachim. The time log reflects that Ms. Jachim's work on the case was exclusively clerical; every entry under her name in the log is for typing documents, save one for scanning a motion for filing. A prevailing party is not entitled to fees for purely clerical work. *See, e.g.*, Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999) (noting that in awarding fees "the district court should disallow time spent on what are essentially 'clerical' or secretarial tasks."); Weitz v. Colvin, No. 10-CV-493-WMC, 2015 WL 438167, at *2 (W.D. Wis. Feb. 3, 2015) (reducing fees awarded because "certain, limited time entries...encompass clerical work, which is not compensable.").[1] The court therefore awards no fees for the work performed by Ms. Jachim.

For the foregoing reasons, the court DENIES Ms. Mann's motion (Doc. No. 39) without prejudice and AFFORDS Ms. Mann 21 days from the date of this order to file a renewed motion which: (1) justifies the adjusted hourly rate Ms. Mann seeks, by showing Mr. Brooks' ordinary rate as well as the prevailing

---

[1] Even were Ms. Mann's attorneys entitled to compensation for purely clerical tasks, the 27.7 hours billed solely for typing are plainly excessive in light of the length of the documents in question and the considerable time Mr. Brooks billed for drafting them. For example, the reply brief filed by Mr. Brooks totaled under 6 pages and did little more than reiterate the arguments in Ms. Mann's opening brief. Yet after Mr. Brooks billed 11.5 hours for work on it – not counting the time spent reviewing the government's response brief, which was billed separately – and Ms. Welker billed another 2.25 hours, Ms. Jachim spent a total of 5.1 hours typing it. That it took three people a total of almost 19 hours to prepare a straightforward, six page reply brief demonstrates the inefficiency and duplication of the work performed by Ms. Mann's attorneys.

rate in the community; (2) excludes the time spent by Ms. Welker, which is not a reasonable expense under the EAJA; and (3) excludes clerical work by Ms. Jachim.

SO ORDERED.

ENTERED: <u>December 15, 2015</u>

<u>        /s/ Robert L. Miller, Jr.        </u><br>
Judge<br>
United States District Court